UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY BURNS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:16 CV 1110 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:03 CR 730 CDP |
| | ) | |
| GREGORY BURNS, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Gregory Burns seeks reduction of the 292 month sentence imposed in 2004 following his guilty plea on gun and drug charges, based on *Johnson v. United States,* 135 S.Ct. 2551 (2014). The Court interpreted Burns' pro se request for relief as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. §2255, directed that it be opened as a new civil case, and appointed counsel. The case has had a somewhat complicated procedural history since then. The United States now

agrees that defendant no longer qualifies for the 15 year mandatory minimum sentence under the Armed Career Criminal Act, but that the Court should nevertheless not reduce his sentence because his aggregate sentencing guidelines range remains 292 to 365 months. The United States agrees with the Probation Office's conclusion that defendant continues to qualify as a career offender under § 4B1.1 of the sentencing guidelines. The defendant objects that he should no longer be considered a career offender, and that therefore his new guidelines range is much lower. Alternatively, defendant argues that I should exercise my discretion to vary from the guidelines and impose a sentence lower than the 292 months previously imposed.

I agree with the United States that the sentencing guidelines range remains 292 to 365 months. However, in my discretion and having considered the many sentencing factors set out in the statute and in the defendant's comprehensive sentencing memorandum [ECF # 105], I conclude that it is appropriate to reduce defendant's sentence and sentence him to an aggregate term of 204 months.

## **Background**

On June 23, 2004 Gregory Burns pleaded guilty to being a felon in possession of a firearm (Count I), possession with intent to distribute heroin (Count II), and possession of a firearm during and in connection with a drug trafficking crime (Count III). The Presentence Report concluded that Burns was an Armed

Career Criminal and so was subject to the 15 year mandatory minimum sentence set out in 18 U.S.C. § 924(e)(1) on Count I. Count II had a maximum sentence of 20 years, and Count III required a mandatory sentence of 60 months, consecutive to the sentences on the other counts. The presentence report concluded that the total offense level was 35, because Burns qualified as a career offender under U.S.S.G. § 4B1.1 and as an armed career offender under U.S.S.G. § 4B1.4. He was in Criminal History Category VI, and so his guidelines range was 292 to 365 months. The sentencing guidelines at that time were mandatory, as the Supreme Court had not yet decided *United States v. Booker*, 543 U.S. 220 (2005), and so I sentenced Burns to 292 months in prison, which was the bottom of the then-mandatory guidelines range. Because of the statutory maximums on each count, the 292 months consisted of a term of 232 months on Counts I and II, to be served concurrently to one another, and 60 months on Count III, to be served consecutively to the terms imposed in Counts I and II. Burns appealed his sentence, because *Booker* had been decided shortly after he was sentenced, but the Court of Appeals dismissed the appeal based on Burns' waiver of appeal. *United States v. Burns,* 409 F.3d 994 (8th Cir. 2005).

After Burns raised the *Johnson* issue, the Court ordered the Federal Public Defender and the United States Attorney's Office to provide their positions on whether he was entitled to relief. The Court also ordered the United States

3

Probation Office to provide a "Resentence Report" indicating whether it believed Burns was entitled to relief.

Following some confusion regarding the case,[1] and additional development of the law surrounding whether certain Missouri convictions qualified as predicate offenses under the Armed Career Criminal Act, the Probation Office eventually filed a "Final Report: Relief re: Johnson as to Gregory Burns," which concluded that although Burns should no longer be considered an Armed Career Criminal and subject to the 15 year mandatory minimum sentence on Count I, he remained a career offender under the sentencing guidelines, so that his guidelines range remained 292 to 365 months.

## Discussion

The United States and the defendant (and the Probation Office) agree that Burns is entitled to *Johnson* relief on his ACCA sentence in Count I, because one of the prior convictions previously used as an ACCA predicate was for endangering the welfare of a child, which is no longer considered a violent felony for purposes of the ACCA. The 232 month sentence imposed on Count I therefore

---

[1] The Probation Office initially concluded that Burns was no longer an Armed Career Offender and that his new guidelines range was 211 to 248 months. The parties took inconsistent positions in filings made in the civil § 2255 case and the criminal case, and so I ordered them to clarify their positions. They then filed subsequent briefs and the Probation Office filed a revised final "Resentence Report," as stated above and as discussed further in the main text.

exceeded the 10 year statutory maximum for that count. All agree that his sentence on Count I must be reduced to 120 months.

The parties disagree, however, about the sentences on the remaining counts. The final resentence report concluded, and the United States agrees, that defendant remains a career offender under U.S.S.G. § 4B1.1, because he still has two prior convictions for controlled substance offenses. Defendant argues that he has only one such conviction, and that the other prior conviction considered by the Probation Office, for sale of a controlled substance in violation of § 195.211, Mo. Rev. Stat., does not constitute a controlled substance offense. The definition of "sale" under § 195.010(38) includes an "offer" to sell. The guidelines definition of "controlled substance offense" means an offense under a statute that prohibits the "manufacture, import, export, distribution or dispensing" of a controlled substance. U.S.S.G. § 4B1.2. Defendant argues that because one could be convicted under the Missouri statute merely for an "offer" to sell, the Missouri statute, as it was interpreted by the Missouri courts at the time of defendant's conviction, is too broad to be considered a predicate for the career offender guideline. I agree with the government and the Probation Office that defendant's argument is foreclosed by *United States v. Reid,* 887 F.3d 434 (8th Cir. 2018) and *United States v. Thomas,* 886 F.3d 1274 (8th Cir. 2018), which were both decided on April 10, 2018, and which held that an "offer" under the Missouri statute as interpreted by

5

the Missouri courts qualified as a controlled substance offense under the career offender guidelines. Thus, defendant Burns remains as a career offender, and his guidelines range, as correctly calculated under the final resentence report, remains 292 to 365 months.

Although resentencing is required because the Count I sentence exceeds the statutory maximum for that charge, the Court could lawfully resentence Burns to the same aggregate sentence of 292 months in prison, which would now consist of 120 months on Count I, 232 months on Count II to be served concurrently with the sentence in Count I, and 60 months on Count III, to be served consecutively to the sentences imposed on Counts I and II. Although that sentence would be lawful and the court could impose it, under the so-called "sentencing package doctrine" I am not required to do so. *See United States v. McArthur*, 850 F.3d 925, 943 (8th Cir. 2017); *see also United States v. Evans,* 314 F.3d 329, 332 (8th Cir. 2002).

The United States argues that although I have the discretion to impose a lower sentence than I imposed before, I should not do so. It argues that a lower sentence would reflect an unfairly disparate sentence when compared to other persons who were sentenced as career offenders when the guidelines were mandatory. The government recognizes that I have discretion to impose a lower sentence, and I conclude that under all the circumstances of this case, it is appropriate for me to consider the entire package, including defendant's post-

6

sentencing rehabilitation, in determining the appropriate sentence.  When I consider all the factors listed in 18 U.S.C. § 3553(a), I conclude that a sentence of 204 months is appropriate in this case.

I originally sentenced defendant to the lowest sentence that was available under the then-mandatory sentencing guidelines.  Certainly, defendant had a serious past at the time he was sentenced, but the quantity of drugs involved in his crime was lower than that of many defendants convicted of drug and gun offenses and given similar sentences today.  Most importantly, defendant has demonstrated that in the more than 13 years he has spent in jail, he has matured, made many positive adjustments, and is likely to succeed upon release, especially given the re-entry resources available to him from the Probation Office.  He has obtained his GED, taken other classes to better himself, and has performed very well at his prison job.  Although he had some conduct violations, the most recent one was more than six years ago, and none were violent or considered major violations.  When I consider defendant's post-conviction conduct along with all the factors listed in 18 U.S.C. § 3553(a),  I conclude that an aggregate sentence of 204 months is sufficient to meet all the sentencing objectives.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set Aside or Reduce Sentence filed by Gregory Burns (ECF #1 in Case No. 4:16cv1110) is

GRANTED, and defendant's sentence will be reduced to an aggregate sentence of 204 months.

**IT IS FURTHER ORDERED** that in Criminal Case No. 4:03CR730 the court will enter an amended judgment, providing for an aggregate sentence of 204 months, consisting of 120 months on Count I, 144 months on Count II to be served concurrently with the sentence in Count I, and 60 months on Count III, to be served consecutively to the sentences imposed on Counts I and II.

                                                                             */s/ Catherine D. Perry*
                                                                             CATHERINE D. PERRY
                                                                             UNITED STATES DISTRICT JUDGE

Dated this 25th day of June, 2018